IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

KYLE BARRINGER,                                   CASE NO. 3:23 CV 1530

    Plaintiff,

    v.                                                  JUDGE JAMES R. KNEPP II

STATE OF OHIO

    Defendant.                                    **MEMORANDUM OPINION**
                                 **AND ORDER**

### INTRODUCTION

*Pro se* plaintiff Kyle Barringer filed this *in forma pauperis* civil rights action against the State of Ohio. (Doc. 1). For the following reasons, the Court dismisses this action.

### BACKGROUND

Plaintiff's Complaint is completely devoid of facts. Plaintiff's brief statement of his claim asserts "[a]n intentional misrepresentation or omission of material information in connection with the sale or purchase of securities." (Doc. 1, at 4). According to the civil cover sheet attached to his Complaint, Plaintiff's cause of action arises under 18 U.S.C. § 1348. *See* Doc. 1-2. In his request for relief, Plaintiff states, "A creditor's right to apply a debt owing to it by the debtor against a debt it owes to the debtor, if the parties owe each other mutual debts arising from the same transaction." (Doc. 1, at 4). Plaintiff attaches to his Complaint various tax documents, apparent traffic citations from the Oregon Municipal Court, and a "letter rogatory for relief", written in cleverly rhyming verse. *See, e.g.*, Doc. 1-3, at 1 ("Dunn & Bradstreet, they claim to be, a judge, a foreign agent, a tale to see."); Doc. 1-3, at 2 ("With sincerity and hope, I bring this to your door,

Seeking justice and fairness, like never before. May this rhyme be my plea, to clear my name's shade, In this Court of Ohio, let truth's light cascade.")

## STANDARD OF REVIEW

Plaintiff filed an application to proceed in this action *in forma pauperis* (Doc. 2). The Court grants that application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, his Complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal

2

conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### DISCUSSION

As an initial matter, Plaintiff appears to bring his claims against the defendant under 18 U.S.C. § 1348, which provides punishment of a fine or imprisonment for securities and commodities fraud. *See* 18 U.S.C. § 1348. Section 1348 is a criminal statute. It does not provide a private cause of action for civil plaintiffs. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (no private right of action under federal criminal statutes); *Troyer v. Hershberger*, 2012 WL 488251, at *8 (N.D. Ohio) (no private right of action under 18 U.S.C. § 1348). And to the extent Plaintiff is attempting to bring criminal charges against the Defendant, he cannot proceed. Criminal actions in federal courts are initiated by the United States Attorney, not private plaintiffs. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c); *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308 (6th Cir. 2004).

Additionally, this Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *See El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials". *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see Pliler v. Ford*, 542 U.S. 225, 231 (2004) (district courts "have no obligation to act as counsel or

3

paralegal to *pro se* litigants"); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003) (district courts are not "required to create" a *pro se* litigant's claim for him). Rather, the complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996) (citation omitted). The complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678) (further quotations omitted).

Here, Plaintiff fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rather, Plaintiff's Complaint consists only of one brief sentence fragment, stating "an intentional misrepresentation or omission of material information in connection with the sale or purchase of securities." (Doc. 1, at 4). Plaintiff attaches various tax documents, apparent traffic citations from the Oregon Municipal Court, and a "letter rogatory for relief" that, although impressive in its rhyming couplet structure, fails to include any discernible factual allegations, a cognizable claim based on recognized legal authority, or a proper request for relief. *See* Docs. 1-1 to 1-3. This Court and Defendant are left to guess at basic elements of Plaintiff's purported claim. The Complaint does not satisfy the minimum pleading requirements of Federal Civil Rule 8 and is therefore dismissed on this basis.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED in its entirety under 28 U.S.C. § 1915(e)(2); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE
